# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DISTRICT

| | |
|---|---|
| MICHAEL L. ARNOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18CV51 NCC |
| MISSOURI STATE PUBLIC DEFENDER, | ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's complaint.[1] Because of the nature of the filing of plaintiff's complaint, and the fact that he has failed to file it on a court-provided form, the Court will allow plaintiff the opportunity to submit an amended complaint in this action.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

---

[1] Plaintiff has failed to file a motion to proceed in forma pauperis in this action, or pay the full $400 filing fee. The Court takes judicial notice of another case filed by plaintiff in this Court, wherein plaintiff sought leave to proceed in forma pauperis. Based on the financial information provided in that action, the Court will grant plaintiff leave to proceed in forma pauperis in this matter and assess plaintiff a $1.00 initial partial filing fee. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

1

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In this case, the Court will assess plaintiff an initial partial filing fee of $1.00, as he has failed to submit a copy of his prison account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v.*

*Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff brings this action to redress violations of his civil rights, and names the Missouri State Public Defender as the defendant. Plaintiff alleges that he is not, and has not, been adequately represented in his state criminal proceedings by the Missouri Public Defenders Office. He believes he has not had adequate assistance of counsel during his proceedings, and he states that the counsel assigned to him have been inadequate and "far below the *Strickland* standard."

The Court has reviewed plaintiff's state criminal history and found the following. A jury found plaintiff guilty of first degree statutory rape, second degree statutory rape, two counts of first degree statutory sodomy, second degree statutory sodomy and using a child in a sexual performance on January 12, 2012. *See State v. Arnold*, No. 09SG-CR01102-01 (24th Judicial Circuit, Saint Genevieve County Court). He was sentenced to consecutive sentences of 75 years' imprisonment for his first degree statutory rape and each count of first degree statutory sodomy and seven (7) years' imprisonment for second degree statutory sodomy and using a child in a sexual performance, for a total of 246 years' imprisonment.

The post-conviction motion court granted, in part, plaintiff's post-conviction motion and vacated the 75 year sentences, but not the convictions, and remanded the matter for "retrial as to punishment" on those offenses. *See State v. Arnold,* No. 17SG-00064(24th Judicial Circuit, Saint Genevieve County Court). Plaintiff waived his right to be resentenced by a jury on November 14, 2016. Thus, plaintiff was resentenced on that date to the same sentence. At the same time, the

Court denied plaintiff's claims of ineffective assistance of counsel in his post-conviction 29.15 motion, unequivocally finding that there was no ineffective assistance of counsel. Judgment was formally filed on December 18, 2017. *State v. Arnold,* No. 17SG-00064(24th Judicial Circuit, Saint Genevieve County Court).

Plaintiff's appeal of his post-conviction motion for relief is currently pending in the Missouri Eastern District Court of Appeals. *See Arnold v. State*, No. ED106313 (Mo.Ct.App.). Further, plaintiff has a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 currently pending in this Court relating to his underlying state criminal conviction in which he is asserting claims of ineffective assistance of counsel. *See Arnold v. Wallace*, No. 4:15-CV-1908 AGF (E.D.Mo.).

**Discussion**

The current complaint appears to be legally frivolous. It alleges claims for ineffective assistance of counsel which are not cognizable in a civil rights action. Moreover, plaintiff currently has a habeas corpus action in this Court where he is asserting these claims. Additionally, to the extent plaintiff is attempting to bring claims against the specific public defenders who have represented him in his criminal proceedings, pursuant to 42 U.S.C. § 1983, these claims are legally frivolous. Generally, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).[2] Furthermore, the complaint is defective because it was not drafted on the Court's form. *See* E.D. Mo. Local Rule 2.06(A).

---

[2] To the extent plaintiff is attempting to sue an agency of Missouri, his claims are barred by the Eleventh Amendment. The State of Missouri is absolutely immune from liability under 42 U.S.C.§ 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

In an abundance of caution, and because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[3]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

---

[3] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is granted leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 16th day of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE